IN THE UNTIED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY SMITH, INDIVIDUALLY AND ON BEHALF OF S.S. | : : : CIVIL ACTION - LAW |
| PLAINTIFF | : JURY TRIAL DEMANDED |
| v. | : : |
| MID-VALLEY SCHOOL DISTRICT | : : |
| DEFENDANT | : NO. |

## COMPLAINT

NOW COMES the Plaintiff, Tammy Smith, Individually and o/b/o S.S., her minor son, by and through her counsel, Abrahamsen, Conaboy & Abrahamsen, P.C., and hereby complains of the above-referenced Defendant as follows:

1. The Plaintiff, Tammy Smith, is an adult and competent individual who currently resides at 8 Kimberly Circle, Olyphant, Lackawanna County, Pennsylvania.

2. The Plaintiff, S.S., is a minor. He is represented by his mother, Tammy Smith.

3. The Defendant, Mid-Valley School District, is a governmental entity which provides free public education to students in the Lackawanna County area. The district offices are located at 25 Underwood Road, Throop, Lackawanna County, Pennsylvania.

4. At all times material and relevant hereto, S.S. was a student of the Mid-Valley School District.

5. The jurisdiction of this Court on Plaintiff's claims is founded upon 28 U.S.C. §1367(a).

6. All of the acts or omissions of the named Defendant complained of herein by Plaintiff, Tammy Smith, occurred at the New Story Throop facility located in the Industrial Park, Throop, Pennsylvania, upon the referral from the Mid-Valley School District for attempted IEP support classes for minor S.S..

7. S.S. was a student in the Special Education Program in the Mid-Valley School District at all times relevant to this action.

8. Minor child, S.S., had been in the Mid-Valley School District for his entire educational life and suffers with autism and is non-verbal.

9. S.S. had an IEP plan for behavioral support while in the Mid-Valley School District Special Education Program.

10. As a result of his disabilities, the Mid-Valley School District made a decision to place the minor S.S. in the New Story Throop program.

11. On or about February 16, 2016, the Throop Police Department received a report of suspected child endangerment and neglect at the New Story Throop.

12. On February 19, 2016, the assigned police officer reported to New Story Throop and determined, after interviews with staff members, that the incident

involved the minor herein S.S.

13. As reported to the investigating officer on February 19, 2016, the school employees reported that S.S. had been placed in a "quiet room" for alleged behavioral problems on February 9, 2016.

14. While in the "quiet room", school employees observed S.S. taking all his clothes off and urinating on the floor.

15. School employees then observed and permitted minor S.S. to stoop to the ground on his hands and knees and permitted him to play in the urine and ultimately allowed him to drink his own urine from the ground.

16. During the investigation conducted by the Throop Police Department it was determined that a similar action had occurred on February 8, 2016 as well.

17. On February 8, 2016, once again minor S.S. was placed in the "quiet room" and allowed to take his clothes off, urinate on the floor and play and drink the urine while being observed by school employees.

18. According to the investigation, the Special Education Director of the Mid-Valley School District was informed on each day, February 8 and February 9, 2016, that these incidents had occurred.

19. It was not until some significant time after the incidents occurred that minor S.S.'s mother, Tammy Smith was called and informed about the incidents.

20. The Mid-Valley School District Director of Special Education did not

engage in activities or actions to prevent the acts from occurring at New Story Throop.

21. After learning of the incidents, Plaintiff, Tammy Smith, immediately requested IEP meetings.

22. Upon complaint and only at the direction of minor child's mother, Tammy Smith, minor Plaintiff, S.S. was removed from the New Story Throop.

23. No one at New Story Throop attempted to prevent the playing and drinking of the urine by minor S.S. even though they observed it while it was occurring.

24. Representatives of Mid-Valley School District did not do anything to prevent the minor Plaintiff S.S. from being placed in the "quiet room" and allowing to strip naked and urinate.

25. As a result of the allowed activity, minor Plaintiff S.S. regressed in his mental progression and development.

26. Subsequently, minor Plaintiff S.S. has had to be placed in a full time institution providing educational and living support for his autism.

27. The Mid-Valley School District by its inaction made it clear that it would not take any steps necessary to seek change in the actions of New Story Throop in providing care to minor S.S.

28. The Defendant's actions in placing the minor Plaintiff in the "quiet

room" and allowing him to strip naked and drink his own urine amounted to deliberate indifference.

29. Plaintiff has exhausted administrative remedies pursuant to the IDE, as an Administrative Procedure was conducted and concluded.

## COUNT I

## TAMMY SMITH
## vs.
## MID-VALLEY SCHOOL DISTRICT

## VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

30. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through twenty-nine (29) as if fully set forth at length herein.

31. Title IX of the Education Act provides, with certain exceptions, that "[n]o person in the United States shall, on the basis of intelligence, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. §1681(a).

32. Mid-Valley School District receives federal financial assistance.

33. School district officials, including the Director of Special Education, were made aware of the severe harassment and abuse allowed to occurr as described above.

34. Despite direct knowledge and evidence of the incident, the officials' investigation into the incident resulted in no findings of fault and no further changes of care for minor S.S. until demand and IEP meeting directed by S.S.'s mother.

35. The inadequacy of the District's actions during investigative and remedial stages amounts to deliberate indifference to the rights of S.S. to enjoy educational opportunities on an equal basis with other students because of sexual discrimination.

36. The inaction by the employees of New Story Throop and representatives of Mid-Valley School District constitute abuse and child endangerment.

37. As a result of the abuse and endangerment of the welfare of minor S.S., he has been excluded from participating in school programs and functions by virtue of his disability. Subsequently, due to the District's continued failure to provide a safe environment, S.S. was deprived of the same.

38. The Mid-Valley School District at all time relevant hereto had inadequate disciplinary polices and procedures and protection related to assault and child endangerment.

39. The Mid-Valley School District and officials, including the Special Education Director, had the authority to remedy the assault and abuse after having actual knowledge of the incidents of abuse and child endangerment of minor S.S.

40. The child endangerment occurred on property and during school hours of New Story Throop where the minor Plaintiff S.S. was placed by Defendant, Mid-Valley School District.

41. The Defendant retained substantial control over the conduct of the employees of New Story Throop who perpetrated the child endangerment and assault, yet failed to take any adequate action to remedy and prevent, including a failure to remove S.S. from the school until further pushing direction by minor Plaintiff's mother, Tammy Smith.

42. Finally after repeat IEP meetings directed and requested by minor Plaintiff's mother, Tammy Smith, minor S.S. was forced to change school districts and relocate to a full time placement in a facility for both living and education.

43. S.S. has been severely and significantly injured as a result of the conduct of the Defendants. S.S. has suffered severe emotional distress, regression in his mental development, aggressive behavior and continues to seek counseling due to the conduct of the Defendant.

WHEREFORE, Plaintiff, on behalf of her son, demands judgment against the Defendant in excess of $75,000.00, plus interest, costs of suit and attorney's fees.

## COUNT II

## TAMMY SMITH, INDIVIDUALLY AND AS PARENT OF S.S., A MINOR vs. MID-VALLEY SCHOOL DISTRICT

## VIOLATION OF THE 14TH AMENDMENT

44. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through forty-three (43) as if fully set forth at length herein.

45. The conduct of the Defendant in failing to provide S.S. with a free appropriate public education constitute unlawful discrimination against him and other autistic children in violation of the equal protection clause of the 14th Amendment and in violation of the due process clause contrary to the 14th Amendment of the United States Constitution.

46. The above described actions of the Defendant were the direct and proximate cause of the injuries to S.S.'s aforesaid.

47. By reason of the aforesaid, S.S.'s civil rights were violated as guaranteed by federal statutes.

48. As a result of the above described violations, Plaintiffs have suffered damages as described above.

WHEREFORE, Plaintiff, on behalf of her son, demands judgment against the Defendant in excess of $75,000.00, plus interest, costs of suit and attorney's fees.

## COUNT III

## TAMMY SMITH, INDIVIDUALLY AND AS PARENT OF S.S., A MINOR
## vs.
## MID-VALLEY SCHOOL DISTRICT

## INDIVIDUALS WITH DISABILITY EDUCATION ACT, 20 U.S.C. §1400 ET SEQ.

49. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through forty-eight (48) as if fully set forth at length herein.

50. The Defendant has violated the rights of the Plaintiffs under the Individuals with Disability Education Act, 20 U.S.C. §1400 et seq. by failing to identify, evaluate and provide I.R. with a free appropriate public education, and by physically and verbally abusing him as more particularly described above without the consent of the Plaintiffs and in disregard to the law.

51. As a result of the above described violations, Plaintiffs have suffered damages as described above.

52. Plaintiff has exhausted necessary IEP meetings. No further administrative proceedings are required pursuant to the allegations of Paragraph 31 above.

WHEREFORE, Plaintiff, on behalf of her son, demands judgment against the Defendant in excess of $75,000.00, plus interest, costs of suit and attorney's fees.

## COUNT IV

## TAMMY SMITH, INDIVIDUALLY AND AS PARENT OF S.S., A MINOR
## vs.
## MID-VALLEY SCHOOL DISTRICT

## VIOLATION OF §504 OF THE FEDERAL REHABILITATION ACT

53. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through fifty-two (52) as if fully set forth at length herein.

54. §504 of the Rehabilitation Act, 29 U.S.C. §794, states: "[n]o otherwise qualified individual with a disability in the United States, as defined in §705(20) of this title shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or any program or activity conducted by an executive agency or by the United States Postal Service."

55. Upon information and belief, Defendant, Mid-Valley School District, and New Story Throop received federal funding for the special education program in which S.S. participated.

56. Upon information and belief, Defendant had discriminated against S.S. because of his disabilities, in that they failed to provide him with the same protection that all other students were provided by failing to protect him from not having to be subjected to abuse and child endangerment by the employees of Defendant.

57. The Defendant owed S.S. the duty of care to refrain from physical and

mental abuse adequately and in accordance with §504 of the Rehabilitation Act.

58. The Defendant failed to provide S.S. with a safe and appropriate education atmosphere as was provided to other students not suffering from the same disability as S.S.

59. By subjecting S.S. to continuing abuse and by failing to report the same to the appropriate authorities and/or his parents, the Defendant deliberately chose to subject S.S. to physical and mental abuse in violation of Section 504 of the Rehabilitation Act.

60. As a result of the above described violations, Plaintiffs have suffered damages as more particularly described above.

WHEREFORE, Plaintiff, on behalf of her son, demands judgment against the Defendant in excess of $75,000.00, plus interest, costs of suit and attorney's fees.

Respectfully Submitted,

Abrahamsen, Conaboy & Abrahamsen, P.C.

By: /s/Edwin A. Abrahamsen, Jr.
Edwin A. Abrahamsen, Jr., Esquire
Attorney ID No.: 92851
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
cabrahamsen@law-aca.com